UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TURQUOISE BROWN,**

               **Plaintiff,**

-vs-                                                  **Case No. 6:09-cv-746-Orl-35GJK**

**SKECHERS, U.S.A., INC.,**

               **Defendant.**

_____

# ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 4) for failure to state a claim, originally filed in state court on April 23, 2009, and then filed upon removal in this Court on May 1, 2009. The memorandum of law in support of the motion was filed separately in this Court on May 11, 2009. (Docket No. 7.)

**I.    Background**

This is a products liability action based on Plaintiff Turquoise Brown's ("Brown") assertions that a pair of defective Skechers roller skates she purchased in February 2004 from a company store operated by Defendant Skechers, U.S.A, Inc. ("Skechers") caused her to fall and severely fracture her left ankle in May 2005. (Docket No. 2 ¶¶ 4-6, 8.) Based on those allegations, Plaintiff filed a complaint containing four theories of liability: negligence (Count I), strict liability (Count II), breach of the implied warranty of merchantability (Count III), and breach of the implied warranty of fitness for a particular purpose (Count IV). Strict liability, negligence and breach of implied warranty are all

available theories of recovery in product liability cases. Nicolodi v. Harley-Davidson Motor Co., Inc., 370 So. 2d 68, 72 (Fla. App. 1979). Moreover, "a given set of facts can support [these] alternative theories of recovery in a products liability case, in tort for negligence or strict liability, and in contract for breach of implied warranty." Id. Defendant challenges all four Counts of the Complaint in its motion to dismiss.

## II. Motion to Dismiss Standard

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579-80 (11th Cir. 1986).

### III. Analysis

"Inherent in a cause of action for product liability is whether there is a product defect" no matter what theory governs the particular action. Pulte Home Corp., Inc. v. Ply Gem Industries, Inc., 804 F. Supp. 1471, 1486 (M.D. Fla. 1992). Here, Defendant argues that Plaintiff failed to allege what defective condition existed in the roller skates and that, because of that failure, Plaintiff has not stated a claim under any of the Counts to the Complaint. Mot. ¶ 3.

In the Complaint, Plaintiff alleges both a manufacturing and a design defect in the skates and explains that "[t]he defective condition was the failure of the rollers on the skate to remain in place such that the rollers disengaged [and] rotated." Compl. ¶¶ 11, 15, 17. Defendant argues that this is a conclusory allegation unsupported by a factual basis, that it does not adequately address "what defective condition existed as to the subject roller skates," and that it does not constitute a theory "as to why the rollers disengaged and rotated." Mot. ¶ 3.

The Court finds Cunningham v. General Motors, 561 So.2d 656 (Fla. 1st DCA 1990), cited by both parties, to be applicable in determining whether Plaintiff has alleged sufficient facts to comply with the pleading standards under Rule 8(a) as to the defective condition element of a product liability action. The court in Cunningham found that the plaintiff had sufficiently alleged a manufacturing defect by alleging that the component parts of an automobile's clutch pedal, the clutch cable and clutch clip, were defectively manufactured in that "when the clutch pedal was depressed to disengage the transmission, the clutch cable and clutch clip broke so that when the operator of the vehicle depressed the clutch, it would not disengage the transmission" as it was designed to do, causing the

plaintiff's injuries. 561 So.2d at 657 n.1, 659-60. Here, Plaintiff alleged that she did not alter the roller skates in any way from the condition in which she purchased them, had not misused them at any time and had not otherwise used the product in "any manner other than as it was intended to be used from the manufacturer." Compl. ¶ 7. Yet, despite that, "the left skate's back wheels twisted and rotated out of place," causing her to fall and get injured. Id. ¶¶ 6, 11.

Here, as in Cunningham, the Plaintiff pointed to the specific part of the product that broke during normal operation. In Cunningham, it was alleged that the clutch cable and clutch clip of the automobile's clutch pedal broke and caused the plaintiff harm during normal operation. 561 So.2d at 660. Here, the Plaintiff alleged that it was the left skate's back wheels that broke, causing the Plaintiff harm during normal operation. Compl. ¶¶ 6, 7. In addition, the Plaintiff here alleged *how* the left skate's back wheels broke; specifically, it allegedly twisted and rotated out of place. Id. ¶ 6. As in Cunningham, any more detailed explanation as to how the back left wheels broke must necessarily be left to discovery to be requested from the Defendant. 561 So.2d at 660 (finding that the defendant was in a better position than the plaintiff to produce the technical evidence needed to determine the specifics of the clutch defect). At this stage in the proceedings, the Plaintiff must only set forth a "short and plain statement of the claim showing that [she] is entitled to relief" pursuant to Rule 8(a), and the Court finds Plaintiff to have done so with respect to her allegations concerning what constituted the defect in the roller skates.

Rice v. Walker, 359 So. 2d 891 (Fla. App. 3d 1978), cited by Defendant in support of its motion, and decided before Cunningham, is inapposite to this matter. In that case, an individual operating a model gas-powered airplane with steel control wire was

electrocuted when the airplane came into contact with an overhead electric power line. Rice, 359 So. 2d at 892. The personal representative of the deceased sued the retailers who sold the model airplane components to a friend of the airplane user, the deceased. Id. The plaintiff asserted that there was a manufacturing defect in the airplane components, not because the components inherently malfunctioned or broke in any way, as in Cunningham and in the instant matter, but because they did not "prevent or guard against electrocution of the user." Id. Without more, the court found those allegations insufficient to constitute a manufacturing defect in the product. In fact, the allegations in Cunningham were specifically found to have met the standard suggested in Rice, in that they indicated the facts that constituted the defect, facts showing any components that were defective or dangerous to the user or that reasonably could or should have been made safe. Cunningham, 561 So. 2d at 660 (citing Rice, 359 So. 2d at 892).

Similarly, another case cited by Defendant, Bailey v. Janssen Pharmaceutica, Inc., 2006 WL 3665417, *3 (S.D. Fla. Nov. 14, 2006), is equally inapposite. The court there granted the defendant's motion to dismiss for failure to state a products liability claim on the plaintiff's mere assertions that the product at issue was in a "defective and unreasonably dangerous condition." As noted above, Plaintiff has stated more than just a conclusory allegation that the skates were defective.

Defendant also challenges Plaintiff's claim for breach of the implied warranty of fitness for a particular purpose under Count IV of the Complaint because Plaintiff has failed to allege any particular purpose for the skates. In response, Plaintiff concedes to Defendant's challenge and withdraws her claim for breach of the implied warranty of fitness for a particular purpose. See Docket No. 10 at 6.

For the foregoing reasons,

1. Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 4) is **GRANTED on stipulation of the parties** as to Count IV ( breach of the implied warranty of fitness for a particular purpose), but **DENIED** as to Count I (negligence), Count II (strict liability) and Count III (breach of the implied warranty of merchantability); and

2. Count IV of the Complaint is hereby **STRICKEN**.

**DONE** and **ORDERED** in Orlando, Florida this 28th day of September 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Any Unrepresented Party